# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
Assigned on Briefs December 14, 2000

## PETER GREER v. TENNESSEE DEPARTMENT OF CORRECTION, ET AL.

**Appeal from the Chancery Court for Davidson County**
**No. 99-1368-I     Irvin H. Kilcrease, Jr., Chancellor**

---

**No. M2000-00222-COA-R3-CV - Filed April 17, 2002**

---

This appeal involves a dispute between a prisoner and the Tennessee Department of Correction regarding a change in the way the Department reports pre-trial sentence credits. Believing that the change increased the length of his sentence, the prisoner filed suit in the Chancery Court for Davidson County to rescind the change. The trial court concluded that the change had not altered the prisoner's sentence expiration date and dismissed the petition. We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed**

WILLIAM C. KOCH, JR., J., delivered the opinion of the court, in which WILLIAM B. CAIN and PATRICIA J. COTTRELL, JJ., joined.

Peter Greer, Henning, Tennessee, Pro Se.

Paul G. Summers, Attorney General and Reporter; Michael E. Moore, Solicitor General; and Dawn Jordan, Assistant Attorney General, for the appellees, Tennessee Department of Correction and Donal Campbell.

## MEMORANDUM OPINION[1]

## I.

---

[1]Tenn. Ct. App. R. 10(b) provides:

The Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in a subsequent unrelated case.

On January 4, 1996, Peter Greer was sentenced by the Criminal Court for Shelby County to serve fifteen years for second degree murder. He had been incarcerated in a local jail for some time while awaiting trial. Accordingly, when he was delivered over to the custody of the Department of Correction, the Department gave Mr. Greer 1,361 days of pre-trial jail credit and 360 days of pre-trial behavior credit. As was its custom at the time, the Department used these credits to set Mr. Greer's "sentence effective date." Thus, even though Mr. Greer had been sentenced on January 4, 1996, the effective date of his sentence reflected on the Department's records was April 19, 1991. Based on the April 19, 1991 sentence effective date, the Department also calculated Mr. Greer's sentence expiration date as October 21, 2005 and his final expiration date as April 19, 2006.[2]

The practice of using a prisoner's pre-trial behavior sentence credits to set the "sentence effective date" led to confusion because it caused many prisoners to have sentence effective dates that were earlier than the date of their offense.[3] In June 1997, the Department stopped applying pre-trial behavior sentence credits to the sentence effective dates and began applying them to the release eligibility and sentence expiration dates instead. As a result of this policy change, Mr. Greer's sentence effective date was changed from April 19, 1991 to April 13, 1992. The change did not affect either Mr. Greer's sentence expiration date or his final expiration date.

When Mr. Greer discovered this change in 1998, he became convinced that the Department had somehow increased the amount of time he would be required to spend in prison. Accordingly, after exhausting all his internal administrative appeals, he filed a petition in the Chancery Court for Davidson County seeking an order directing the Department to "immediately perform its mandatory affirmatively imposed duty to properly calculate his release eligibility date and sentence expiration dates after adding the missing one (1) year sentence period back into his criminal sentence." Following an unexplained delay, the Commissioner of Correction filed a motion under Tenn. R. Civ. P. 12 and 56 seeking dismissal of Mr. Greer's complaint on the grounds that it was moot and because he had sued the Commissioner of Correction rather than the Department of Correction.[4] On January 7, 2000, the trial court dismissed Mr. Greer's petition after concluding that the Department had not altered his sentence expiration date and that he had sued the wrong party. Mr. Greer has appealed from this decision.

---

[2] The sentence expiration date differs from the full expiration date because the former accounts for sentence reduction credits.

[3] For example, Mr. Greer committed his offense on April 11, 1992, but his "sentence effective date" was April 19, 1991.

[4] Regrettably, the case presents yet another example of the Office of the Attorney General interposing inapplicable and meritless dilatory defenses to lawsuits filed by prisoners rather than joining issue directly on the merits of the prisoner's claim. We have repeatedly held that the Attorney General's "improper party" defense is, as a general matter, meritless. *See e.g., Robinson v. Clement*, 65 S.W.3d 632, 635 n.2 (Tenn. Ct. App. 2001); *Seals v. Bowen*, No. M1999-00997-COA-R3-CV, at * 4 (Tenn. Ct. App. July 26, 2001) (No Tenn. R. App. P. 11 application filed). The Attorney General's mootness claim is equally meritless. The mootness defense necessarily concedes that the challenged claim had merit at one time but no longer has merit because of some intervening event. In this case, Mr. Greer's case never had merit to begin with.

In support of his motion for summary judgment, the Commissioner submitted an affidavit prepared by a "prison sentence analyst" explaining the reasons for the June 1997 change in the manner in which prisoners received pre-trial sentence behavior credits and demonstrating how this change had not effected Mr. Greer's sentence. The analyst stated categorically that "[t]he computer programming did not affect Mr. Greer's release dates, but rather changed the manner in which the credit was applied to [the] sentences." Mr. Greer did not present any evidence admissible under Tenn. R. Civ. P. 56.06 to contradict this assertion. Accordingly, the Commissioner was entitled to a summary judgment dismissing Mr. Greer's petition because he had demonstrated that there were no material factual disputes and that he was entitled to a judgment as a matter of law because Mr. Greer's release dates had not been affected.

We affirm the dismissal of Mr. Greer's petition solely because Mr. Greer did not present evidence to rebut the Commissioner's assertion that reprogramming of the Department's computer did not affect Mr. Greer's release dates.[5] We remand the case to the trial court for whatever further proceedings are required. We also tax the costs of this appeal to Peter Greer and find that this appeal is frivolous in accordance with Tenn. Code Ann. § 41-21-807(c) (Supp. 2001) and Tenn. Code Ann. § 41-21- 816(a)(1) (1997).

_____
WILLIAM C. KOCH, JR., JUDGE

---

[5]We do not agree with the trial court's conclusion that Mr. Greer sued the wrong party. However, we may affirm a judgment on different grounds than those relied on by the trial court when the trial court reached the correct result. *Continental Cas. Co. v. Smith*, 720 S.W.2d 48, 50 (Tenn. 1986); *Arnold v. City of Chattanooga*, 19 S.W.3d 779, 789 (Tenn. Ct. App. 1999); *Allen v. National Bank of Newport*, 839 S.W.2d 763, 765 (Tenn. Ct. App. 1992); *Clark v. Metropolitan Gov't*, 827 S.W.2d 312, 317 (Tenn. Ct. App. 1991).